UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

LATONIA SMITH,

               Plaintiff,

    v.

JUDGE GLORIA M. NAVARRO
and NANCY BRUNE,

               Defendants.

Case No. 2:25-cv-01498-AKB

**ORDER**

Plaintiff Latonia Smith ("Plaintiff") is proceeding to the next stage of litigation on her First Amendment retaliation claim—the immunity defenses. Now pending are several motions and requests filed by Plaintiff.

## PLAINTIFF'S MOTIONS

### 1. Plaintiff's "Motion for New Judge (Recusal)"

A motion for recusal or disqualification of a judge must show bias or prejudice. *See* 28 U.S.C. §§ 144, 455. The party seeking disqualification must file a sufficient affidavit showing that the presiding judge has a personal bias or prejudice against her or in favor of an adverse party. 28 U.S.C. § 144. The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists" and must be made in good faith. *Id*.

**ORDER - 1**

Only after determining the legal sufficiency of a § 144 affidavit is a judge obligated to reassign the motion to another judge for a decision on the merits. *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988). Where the motion for disqualification asserts bias or prejudice, recusal or disqualification under § 144 and § 455 is required "only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Id*. at 1387-88 (internal citations omitted). Plaintiff has not filed an affidavit in support of her recusal motion.

Plaintiff complains about a standard Minute Order that is automatically produced by the Clerk of Court when litigants attempt to correspond with the Court through a letter rather than a motion. *See* ECF 22. As a matter of court policy, this Minute Order is uniformly sent to any such litigant who attempts to obtain court action in an inappropriate filing; it was not aimed particularly at Plaintiff. The Minute Order is not grounds for recusal.

Plaintiff asserts that this Court is biased against her personally. She argues that the Initial Review Order entered on the public docket in this matter is a "de facto immunity defense for the defendants." ECF 23 at 2. The Court already informed Plaintiff that the prisoner and in forma pauperis screening statute, 28 U.S.C. § 1915(e)(2)(B)(iii), requires the Court to screen for immunity issues and permits sua sponte dismissal on that ground. The Court explained that "rather than do so generally, the Court prefers to narrow these issues for the parties, so that responsive briefing is particularly aimed at what the Court needs to decide the issue." ECF 18 at 1. Performing screening required by statute and narrowing issues for the parties to brief are judicial acts; they do not provide factual support for Plaintiff's assertion that "corrupt judges like you in this Ninth Circuit, love to carry out your racist atrocities in relative secret." ECF 23 at 1.

**ORDER - 2**

Disagreements with the rulings of the court are "the basis for appeal, not recusal." *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004) (later superseded by bankruptcy statute, not applicable here). The only exception is where the Court's "substantive rulings were products of deep-seated favoritism or antagonism that made fair judgment impossible." *Id*. (internal citation and punctuation omitted). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court explained:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.

*Id*. at 555 (internal citation omitted). Plaintiff's disagreements with the screening order are not a proper basis for recusal.

Plaintiff's assertions of racial bias against the Court are unsupported by any particular evidence. Plaintiff simply lumps all judges together and states, "I am sick and tired of white racist judges…" and "I don't want to hear that you have black friends, or a black spouse, black kids. Get off." ECF 23. Because this judge is not biased in favor of or against persons of any particular race, and Plaintiff has offered no contrary evidence, this assertion is not a proper basis for recusal.

Accordingly, the motion will be denied. The Court will not entertain any further such motions. If Plaintiff does not prevail in this action, she can raise this issue on appeal, but not before then.

### 2.  Plaintiff's Motion to Modify Pro Bono Attorney Appointment

The Court previously notified Plaintiff that it would attempt to locate pro bono counsel for Plaintiff (either via regular representation or in a stand-by capacity to provide advice to a pro se litigant) if Plaintiff desired such an appointment. In response, Plaintiff filed a Motion for

ORDER - 3

Appointment of Counsel, requesting full representation. (ECF 16). On April 24, 2026, Plaintiff filed a "Motion" stating she no longer wants full representation, but desires help in discovery and accessing PACER records "concerning filings made/plead in immunity cases cited by the court." ECF 24 at 1.

The immunity determination precedes full discovery. The Court already has ordered disclosures, followed by any limited discovery of information relevant to the immunity defenses. *See* ECF 11 at 16.

Plaintiff has further stated that, if pro bono administrators are unable to find an attorney for Plaintiff, she will forgo having an attorney at all. Presently, the Court concludes that a limited purpose appointment still would be helpful to Plaintiff. Therefore, the Court will modify the Order for appointment of a pro bono attorney (ECF 18) to that extent.

### 3. Plaintiff's Motion to Amend Complaint

Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." In other words, the supplemental jurisdiction power extends to all state and federal claims that a litigant ordinarily would expect to be tried in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Plaintiff desires to amend her Complaint to state supplemental state law claims. However, because she will not be permitted to proceed in federal court on state law claims without an anchoring federal claim, the Court will presently deny the motion without prejudice until after the Court has decided the immunity issues. Plaintiff may resubmit her request for amendment if she is permitted to proceed on any related federal claim.

ORDER - 4

**SERVICE OF PROCESS**

On October 20, 2025, the Court ordered Plaintiff to provide a physical service of process address for Defendant Nancy Brune. It does not appear that Plaintiff has done so. The Court will extend the time for Plaintiff to do so. She must complete a USM-285 form and provide it to the United States Marshal Service for service of process within 30 days after entry of this Order. If Plaintiff does not do so by that date, no further extensions of time will be granted and claims against Brune will be dismissed without prejudice.

The Clerk of Court was ordered to wait for Brune's address before issuing summonses to both Defendants. However, because Plaintiff has not acted as to Brune, the Court will order the Clerk to now issue a summons and send through internal court mail the following: (1) a copy of the Complaint, (2) a copy of this Order and the Initial Review Order, (3) the Summons, and (4) a Waiver of Service of Summons form to Defendant Judge Gloria Navarro, so she can forward this package to her attorney.

Judge Navarro's attorney of record is requested to file a "Declination of Waiver of Service of Summons" notice if Judge Navarro will require personal service of process. If a declination notice is filed, the Clerk shall take all necessary steps to have the United States Marshal Service serve Judge Navarro personally at her place of employment.

**ORDER**

**IT IS ORDERED:**

1.  Plaintiff's Motion to Recuse Judge (ECF 23) is DENIED.

2.  Plaintiff's Motion to Recuse Attorney (ECF 24) is GRANTED to the extent set forth herein. Pro Bono Program (Third Amended General Order 2019-07) staff and the Pro

ORDER - 5

Bono Liaison shall search for *limited purpose* pro bono counsel for Plaintiff. This may include law school students supervised by licensed attorneys.

3. Plaintiff must continue to work on her case on her own and not wait for counsel to be appointed.

4. Plaintiff's Motion for Leave to File Amended Complaint (ECF 25) is DENIED without prejudice to refiling it if her claims are not dismissed after immunity issues are decided.

5. The Clerk of Court will send to Plaintiff with her copy of this Order a USM-285 form for Defendant Brune. Plaintiff will have **30 days** after entry of this Order within which to furnish to the U.S. Marshal the required USM-285 forms with relevant service information, including a physical address, as to Defendant Brune, and also send a copy to the Clerk of Court for filing on the docket. Within 45 days, Plaintiff must file a notice with the Court identifying whether Defendant Brune was served or not served.

6. The Clerk of Court shall take the afore-designated steps to begin the wavier of service of summons process on Judge Navarro. If the waiver is not returned by the date requested, Plaintiff shall *not* file for default judgment, because that process is premature and cannot begin unless a defendant has actually waived service and not filed a timely pre-answer motion or answer, or has been personally served and has not filed a timely pre-answer motion or answer. Rather, if the waiver is not returned by the date requested, the Clerk of Court shall then complete a USM-285 form for service upon Defendant Judge Navarro at her place of employment at the United States courthouse and take all necessary steps to effect personal service of process via the United States Marshal Service, as set forth above.

**ORDER - 6**



DATED: May 4, 2026

Amanda K. Brailsford
U.S. District Court Judge

ORDER - 7