UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

LATONIA SMITH,

Plaintiff,

v.

GLORIA M. NAVARRO and NANCY BRUNE,

Defendants.

Case No. 2:25-cv-01498-AKB

**ORDER**

Now pending are several motions in Plaintiff Latonia Smith's ("Plaintiff") civil rights action. Having reviewed the motions, the Court enters the following Order.

**REVIEW OF PLAINTIFF'S MOTIONS**

**1. Plaintiff's Motion for Entry of Clerk's Default (Dkt. 44)**

On August 17, 2026, Plaintiff requested that the Clerk of Court enter default against Defendant Gloria Navarro. Counsel for Navarro executed a Waiver of Service of Summons on August 10, 2026 (Dkt. 40), with the answer or pre-answer motion due 60 days later, on October 9, 2026. Navarro filed a pre-answer Motion for Summary Dismissal on that date (Dkt. 52). Therefore, entry of default is not warranted. Plaintiff shall have until October 31, 2026, in which to file any response to Navarro's Motion for Summary Dismissal. The remainder of this motion is a second response to Defendant Nancy Brune's Motion to Dismiss (Dkt. 37). The Court will consider the remainder when it adjudicates that motion.

**2. Plaintiff's Violation of Case Management Order**

On August 3, 2026, the Court issued an Order finding that Plaintiff was filing too many unnecessary and frivolous motions in this case. Plaintiff was limited to having two outstanding (not ruled upon) motions filed at a time. Plaintiff was warned that any motions she files when two others are pending will be stricken. Therefore, Plaintiff's Motion for Leave to File-Sur-Reply to Brune's Motion to Dismiss (Dkt. 50) will be stricken. Because, as noted above, Plaintiff already has filed two responses to Brune's motion (Dkts. 42, 44), Plaintiff will not be granted leave to file a sur-reply and should not re-file her motion.

**3. Plaintiff's Motion for Court Order (Dkt. 49)**

Plaintiff asks the Court to order the prison to provide her with access to the law library computer two hours per day on five days a week, and access to the mail room five days a week.

In *Lewis v. Casey*, 518 U.S. 343 (1996), the United States Supreme Court explained that there is "no abstract, freestanding right to a law library or legal assistance." *Id*. at 351 (*holding limited on other grounds by Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Prisoners have a constitutional right to meaningful access to the courts, and "the Constitution does not guarantee a prisoner unlimited access to a law library," but only a "reasonable amount" time. *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir. 1985).

"Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." *Id*. Plaintiff's inability to choose her own hours, visit an outside law library, or more fully litigate her claims are "incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355 (1996), *holding limited on other grounds by Bounds*, 430 U.S. at 828.

Consistent with governing case law, Plaintiff will be required to follow existing prison rules to access the law library and mailroom because she has not provided any facts or grievances to show her access is unreasonable. If she needs additional research time to respond to a motion or act within a deadline in this case, she may file a motion for extension of time. A nonfrivolous motion for an extension of time will be exempt from the two pending motion limit in this case.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion for Entry of Clerk's Default (Dkt. 44) is DENIED.

2. Plaintiff's deadline for responding to the pending Motion to Dismiss filed by Defendant Navarro is extended to **October 31, 2026**.

3. Plaintiff's Motion for Court Order (Dkt. 49) is DENIED.

4. Plaintiff's Motion for Leave to File Sur-Reply (Dkt. 50) is STRICKEN.

5. Defendant Brune's Motion to Dismiss is now fully briefed, and an Order will be forthcoming. No further briefing on this motion shall be filed by any party.

DATED: October 14, 2026

Amanda K. Brailsford
U.S. District Court Judge